UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MILLS,<br>          Plaintiff,<br>    v.<br>K. MITCHELL, et al.,<br>          Defendants. | Case No. 16-cv-05095-HSG<br><br>**ORDER SCREENING COMPLAINT; DENYING MOTION FOR REMAND**<br><br>Dkt. Nos. 4, 11 |

## INTRODUCTION

On September 2, 2016, the instant action was removed from the Marin County Superior Court by all defendants. Docket No. 1. Defendants have requested that the Court screen this complaint pursuant to 28 U.S.C. § 1915A. Docket No. 4. On September 30, 2016, Plaintiff filed an opposition to Defendants' removal of the action, requesting that the Court remand this action to state court. Docket No. 11. Plaintiff is *pro se*, and *pro se* litigants are held to less stringent standards than are attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). This Court will therefore liberally construe Plaintiff's opposition as a motion to remand the instant case to state court. Defendants filed an opposition to Plaintiff's motion to remand, Docket No. 12, and Plaintiff filed a reply, Docket No. 13. For the reasons set forth below, the Court DENIES Plaintiff's motion to remand (Docket No. 11) and GRANTS Defendants' request for screening (Docket No. 4). The Court screens the complaint in the order below.

## DISCUSSION

**A.   Motion for Remand**

Plaintiff argues that this case should be remanded because Defendants' Notice of Removal,

filed on September 2, 2016, was untimely. Docket No. 11 at 1. Plaintiff alleges that Defendants were properly served with the summons and a copy of the complaint on June 30, 2016, in accordance with the requirements set forth in sections 415.30 and 416.50(a) of the California Code of Civil Procedure. *Id.* Defendants argue that removal was timely because Plaintiff's initial attempt to serve the complaint on June 30, 2016 was defective, and Plaintiff did not properly serve the complaint until August 3, 2016. Docket No. 12 at 2.

### 1. Factual Background

The following facts are undisputed. On April 19, 2016, Plaintiff filed the instant complaint in Marin County Superior Court. Docket No. 11 at 1. On May 31, 2016, Plaintiff mailed the following documents to the SQSP Litigation Coordinator: a signed notice and acknowledgement of receipt addressed to defendant Van Blarcom, Docket No. 12-1 at 4; a summons executed by the Marin County Deputy Clerk and addressed to all defendants, *id.* at 5; an unexecuted summons addressed to all defendants, *id.* at 6; a file-stamped copy of the first page of the complaint indicating that the case was filed April 19, 2016 and assigned case number CIV 1601564, *id.* at 7; a notice of case management conference, *id.* at 8; an alternative dispute resolution informational notice, *id.* at 9–10; a civil case cover sheet, *id.* at 11–12; a copy of the complaint, *id.* at 13–46; and a declaration of service by mail, *id.* at 47. These documents were received by the SQSP Litigation Coordinator on June 30, 2016. Docket No. 11 at 5. In a letter dated July 11, 2016, the California Attorney General's Office informed Plaintiff that service was improper under section 415.30(a) of the California Code of Civil Procedure, and returned all documents received to Plaintiff. Docket No. 12-1 at 49. In a response dated July 21, 2016, the SQSP Litigation Coordinator informed Plaintiff that his documents had been received on June 30, 2016, but "service was improper under Civil Code 415.30(a)." Docket No. 11 at 5. Plaintiff re-served the complaint on August 3, 2016. Docket No. 12 at 2.

### 2. Analysis

Section 1446 of the United States Code, title 28, governs removal of civil actions from state courts. In relevant part, Section 1446 provides as follows:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The words "or otherwise" do not dispense with the historic function of service of process as the official trigger for responsive action by a named defendant. "Receipt" of the complaint by any other means is not sufficient. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend"). Service of process in state court actions is governed by state law.

Section 415.30(a) of the California Code of Civil Procedure allows for service by mail in the following manner:

> A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

Cal. Civ. Proc. § 415.30(a). Section 415.30(e) of the California Code of Civil Procedure provides that service of a summons by mail "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Civ. Proc. § 415.30(e).

Plaintiff's assertion that Defendants were properly served by mail on June 30, 2016 is contradicted by the record before the Court. The record indicates that Plaintiff failed to comply with section 415.30(a) of the California Code of Civil Procedure in that he failed to include two copies of the acknowledgement of receipt form, and failed to include a self-addressed stamped envelope for return of the acknowledgment form. The Court notes that Plaintiff does not dispute that he served Defendants with only one copy of the acknowledgement of receipt form, that he failed to include a self-addressed stamped envelope for return of the acknowledgment form, and that he did not receive a written acknowledgment of receipt of summons with respect to the

documents received on June 30, 2016 by the SQSP Litigation Coordinator. The Court finds that Plaintiff did not serve Defendants on June 30, 2016 because he failed to comply with the service requirements set forth in section 415.30(a). *See Thongnoppakun v. Am. Exp. Bank*, No. 2:11-CV-08063-ODW, 2012 WL 1044076, at *2 (C.D. Cal. Mar. 26, 2012) ("Absent strict compliance with Rule 4(d) or section 415.30, service of a summons and complaint by mail does not constitute proper service on a defendant, even if that defendant has actual notice that a complaint has been filed against that defendant."); *Duran v. Macias-Price*, No. 07CV01209AWISMS, 2007 WL 4554390, at *2 (E.D. Cal. Dec. 20, 2007) (plaintiff failed to effect service when he mailed summons and complaint separately from two copies of a notice and acknowledgment of receipt form, and when he failed to mail postage prepaid return envelope addressed to sender; section 415.30 requires that the summons, complaint, two copies of a notice and acknowledgment of receipt form, and return envelope be mailed together). Defendants were not served with the complaint until August 3, 2016. Defendants' removal of this action on September 2, 2016 is therefore timely. The Court DENIES Plaintiff's motion for remand.

**B.      Initial Screening**

    **1.      Standard**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2.      Complaint**

Plaintiff alleges that SQSP prison officials retaliated against him for exercising his First Amendment rights. According to the complaint, on December 17, 2014, Correctional Officer S. Arana "illegally" removed Plaintiff from his assigned job position as lead yard attendant. Docket No. 1-1 at 7 and 15. On December 28, 2014, Plaintiff filed a grievance against Officer Arana regarding this incident, and Plaintiff was ultimately reinstated in his prior job position. *Id.* at 7 and 15. Officer Arana took "adverse action" against Plaintiff in response to this grievance. *Id.* at 7. On May 2, 2015, when Plaintiff returned to his job as lead yard attendant, Officer Arena gave Plaintiff's job to another inmate and reassigned Plaintiff to sweeping and mopping stairs. *Id.* at 15. Officer Arena told Plaintiff, "A job is a job get use (sic) to it!" *Id.* Officer Arena withheld Plaintiff's May 2015 salary despite paying all other inmates. *Id.* at 5. In June 2015, Officer Arena instructed Plaintiff to pack his belongings and move to another cell, stating that Lieutenant Walls wanted the cell for inmate Rankins. *Id.* at 15. When Plaintiff suggested that inmate Rankins be housed with Plaintiff, Officer Arena told Plaintiff that if Plaintiff did not comply with the move, Plaintiff would be assigned to the administrative segregation unit. *Id.* Officer Arena harassed Plaintiff daily and informed Plaintiff that he did not appreciate Plaintiff undermining Officer Arena's officers. *Id.* at 5.

Plaintiff filed grievances regarding Officer Arena's harassment and retaliatory behavior. Docket No. 1-1 at 5–6. Plaintiff took these grievances to Officer Arena's supervisors, Sgt. J. Van Blarcom, Lt. B.A. Wells, and Captain E. Evans. *Id.* However, none of these supervisors acted on

1  Plaintiff's grievances and instead allowed Officer Arena to continue harassing Plaintiff. *Id.*

2  Plaintiff alleges that the retaliatory acts were ongoing as of March 25, 2016, the date he drafted the complaint. Docket No. 1-1 at 6. On January 25, 2016, Correctional Officer Johnson authored a false document in support of Officer Arena. *Id.* On February 3, 2016, Defendants conducted a "massive search" of Plaintiff's cell in retaliation for Plaintiff requesting the full name of defendants. *Id.* at 9. On February 4, 2016, Plaintiff was moved from his cell again without any apparent reason. *Id.* at 6. Defendants added documents to Plaintiff's grievances and falsified a 128B chrono. *Id.* Officer Mitchell is covering up the misconduct as well. *Id.*

### 3. Legal Claims

Plaintiff's allegations state a cognizable First Amendment retaliation claim against Officer Arena. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). Prisoners may not be retaliated against for exercising their right of access to the courts, *see Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995), and this constitutional prohibition clearly includes retaliation for filing a complaint, *see Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff's allegations also state a cognizable First Amendment retaliation claim against Sgt. J. Van Blarcom, Lt. B.A. Wells, Captain E. Evans, and Officer Mitchell. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (person "subjects" another to deprivation of constitutional right, within the meaning of § 1983, if he does affirmative act, participates in another's affirmative act, or omits to perform act which he is legally required to do that causes deprivation of which complaint is made).

Plaintiff's allegations also state a cognizable state-law intentional tort claim for violation of his civil rights. *Denning v. State*, 123 Cal. 316, 323 (Cal. 1899) (tort is "any wrong, not consisting in mere breach of contract, for which the law undertakes to give to the injured party some appropriate remedy against the wrongdoer."); *Katzberg v. Regents of Univ. of Cal.*, 29 Cal.

6

4th 300, 325 (Cal. 2002) ("courts, exercising their authority over the common law, may, in appropriate circumstances, recognize a tort action for damages to remedy a constitutional violation."). The Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), as is the case here. The Court therefore retains jurisdiction over Plaintiff's state law claim.

## CONCLUSION

1.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon **Officer Arana, Sgt. J. Van Blarcom, Lt. B.A. Wells, Captain E. Evans, and Officer Mitchell at San Quentin State Prison, San Quentin, CA 94964**. The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    3.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).[2]

    4.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

    5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

---

[2] The *Rand* notice does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939.

before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Docket Nos. 4 and 11.

**IT IS SO ORDERED.**

Dated: 12/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge