UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MILLS,<br><br>    Plaintiff,<br><br>v.<br><br>K. MITCHELL, et al.,<br><br>    Defendants. | Case No. 16-cv-05095-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION, DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>Dkt. Nos. 36, 41 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that SQSP prison officials violated his constitutional rights. On March 19, 2018, the Court granted Defendants' motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 31. On March 30, 2018, Plaintiff filed a motion for reconsideration of the Court's grant of summary judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 36. Plaintiff also seeks leave to proceed *in forma pauperis* on appeal. Dkt. No. 41. For the reasons set forth below, the Court DENIES Plaintiff's motion for reconsideration and denies leave to proceed *in forma pauperis* on appeal.

**I.    Motion for Reconsideration**

    **A.    Standard**

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of

the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

### B. Analysis

Plaintiff argues that the Court committed clear error in four ways.[1]

First, Plaintiff argues that the Court improperly relied on the September 19, 2016 amended second-level response ("SLR") to conclude that he had not exhausted his administrative remedies for SQ-15-1751. Plaintiff argues that the party moving for summary judgment — here,

---

[1] Plaintiff raises additional arguments in his reply in support of his motion for reconsideration, namely that the Court erred in granting summary judgment because the grant of summary judgment "toppled" a pre-existing administrative decision and because Defendants waived the exhaustion requirement when they failed to comply with their own deadlines. Dkt. No. 42 at 2. The Court will not discuss the first argument, because a reply brief is not the vehicle for new arguments. *See Wallace v. Countrywide Home Loans, Inc.*, No. SACV 08–1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) ("A district court may refuse to consider new [arguments or] evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief."); *cf. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("'[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond'") (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (alterations in original). As to the second point, the Court has already considered and rejected Plaintiff's argument that Defendants failed to comply with procedural deadlines and that Defendants thereby waived the exhaustion requirement. Dkt. No. 31 at 13–14. Nonetheless, the Court addresses the cases Plaintiff cites in support of that argument later in this order.

2

Defendants — has the burden of proving failure to exhaust, and that the Court is prohibited from drawing inferences favorable to the moving party (Defendants) from evidence that was presented solely by the nonmoving party (Plaintiff). Dkt. No. 36 at 2.

In deciding a summary judgment motion, the Court may consider all the evidence in the record. *See* Fed. R. Civ. P. 56(c)(3) (court may consider both cited materials and other materials in the record); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721 (4th ed. 2018) (in deciding summary judgment motion, court is "obliged to take account of the entire setting of the case" and "consider all papers of record"). The Court therefore may properly rely on materials submitted by either party as long as it makes all reasonable inferences in the nonmoving party's favor. For this reason, it is immaterial that Defendants, rather than Plaintiff, proffered the September 19 SLR.

Here, the Court made all reasonable inferences in favor of Plaintiff, the nonmoving party, as required by the summary judgment standard. In relying on the plain language of the September 19, 2016 amended SLR, the Court did not weigh conflicting evidence or make a credibility determination. The September 19 SLR established on its face that Plaintiff had not yet exhausted his administrative remedies and that further remedies remained available. *See* Dkt. No. 25 at 9 (September 19, 2016 amended SLR); Dkt. No. 31 at 13–15 (discussion in order granting summary judgment). Plaintiff's argument regarding the meaning of the SLR's language does not constitute conflicting evidence, and the Court did not make any credibility determination.

Second, Plaintiff argues that the plain language of the September 19, 2016 amended SLR indicated that it was a final decision on the merits regarding "all other allegations of harassment" and a final decision on the merits regarding his allegation that he was entitled to backpay. Dkt. No. 36 at 3. Plaintiff raised this argument at summary judgment, Dkt. No. 25 at 8–10, and the Court considered and rejected it, Dkt. No. 31 at 14–15. As discussed *supra*, Rule 59(e) is not a vehicle to repeat arguments previously presented. *Costello*, 765 F. Supp. at 1009.

Third, Plaintiff argues that his appeal of the September 19, 2016 amended SLR is evidence that he submitted his grievance to the final level. Dkt. No. 36 at 3. The Court considered and rejected this argument in its order granting summary judgment. Dkt. No. 31 at 14:2–12.

Fourth, Plaintiff argues that Defendants waived their exhaustion argument by failing to raise it as an affirmative defense. Dkt. No. 36 at 3. Pursuant to Section 1997e(g)(1) of the United States Code, Title 42, Defendants properly waived their right to reply without waiving the affirmative defense of exhaustion. Dkt. No. 17. Moreover, the cases cited by Plaintiff (*Jones v. Bock*, 549 U.S. 199, 200 (2007); *Stonelight Tile, Inc. v. Bay Area Air Quality Mgmt. Dist.*, 1 F. App'x 750, 751 (9th Cir. 2001); *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993); and *Nev. Emps. Ass'n v. Keating*, 903 F.2d 1223, 1225 (9th Cir. 1990)) do not support his argument.

Contrary to Plaintiff's assertion, *Jones* did not hold that prison officials waive the exhaustion requirement if they fail to plead it as an affirmative defense. Rather, *Jones* held that because failure to exhaust is an affirmative defense, prisoners are not required to specially plead or demonstrate exhaustion in their Section 1983 complaints. *Jones*, 549 U.S. at 216.

*Stonelight Tile, Inc.* concerned a Section 1983 suit not governed by the Prison Litigation Reform Act, and it held that the failure to raise a statute of limitations affirmative defense constitutes a waiver only where the opposing party is prejudiced. *Stonelight Tile, Inc.*, 1 F. App'x at 751. This case does not involve a statute of limitations defense.

*Camarillo* directly contradicts Plaintiff's assertion that an affirmative defense is waived if not asserted in an answer. The *Camarillo* court held that "[i]n the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment." *Camarillo*, 998 F.2d at 639. The *Camarillo* court further held that the defense of qualified immunity was not waived because the plaintiff did not claim prejudice, and prejudice was not suggested by the record. Similarly, here, Plaintiff has not demonstrated prejudice and no prejudice is suggested by the record.

*Nev. Emps. Ass'n* also fails to support Plaintiff's waiver argument. First, *Nev. Emps. Ass'n* is inapplicable because it is neither a Section 1983 case, nor governed by the PLRA. In addition, *Nev. Emps. Ass'n* is clearly distinguishable in that the question was whether an affirmative defense was waived when the defendants failed to raise the affirmative defense altogether and where it was the district court that *sua sponte* raised the affirmative defense. In contrast, in this case, Defendants properly raised the affirmative defense of exhaustion in their summary judgment

4

motion.

## II. Request for Leave to Proceed *In Forma Pauperis* on Appeal

A party to a district court action who desires to proceed *in forma pauperis* on appeal must first file a motion with the district court, adhering to the filing requirements of § 1915(a). Fed. R. App. P. 24(a)(1). Additionally, the party must also show an entitlement to redress and a statement of issues to be presented on appeal. *Id.* If the court finds that the appeal is frivolous, it has the power to deny leave to proceed *in forma pauperis*. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). If the district court denies the motion to proceed *in forma pauperis* on appeal, the party may subsequently file a motion to proceed *in forma pauperis* on appeal in the court of appeals. Fed. R. App. P. 24(a)(5).

Plaintiff has requested leave to proceed *in forma pauperis* on appeal. Dkt. No. 41. However, his motion consists solely of the Northern District's *in forma pauperis* application. This motion does not adhere to the requirements of Rule 24(a)(1). Plaintiff has not shown an entitlement of redress or specified the issues that he intends to present on appeal. Because he has not explained the basis for his appeal, the Court cannot determine whether his appeal is frivolous. The Court therefore DENIES leave to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration and DENIES Plaintiff's request for leave to proceed *in forma pauperis* on appeal. This order terminates Dkt. Nos. 36 and 41. This case remains closed.

**IT IS SO ORDERED.**

Dated: 7/16/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

5