United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MILLS,<br><br>    Plaintiff,<br><br>v.<br><br>K. MITCHELL, et al.,<br><br>    Defendants. | Case No. 16-cv-05095-HSG<br><br>**ORDER REOPENING CASE; VACATING JUDGMENT; VACATING IN PART ORDER GRANTING SUMMARY JUDGMENT; STAYING ACTION AND REFERRING FOR SETTLEMENT PROCEEDINGS; DIRECTIONS TO CLERK** |

Plaintiff, a prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding *pro se*, filed the instant civil rights action under 42 U.S.C. § 1983. For the reasons set forth below, the Court REOPENS the instant action; VACATES the March 19, 2018 judgment; VACATES in part the prior grant of summary judgment in favor of Defendants; and REFERS this case for settlement proceedings.

**DISCUSSION**

**I.    Procedural Background**

On April 19, 2016, Plaintiff commenced the instant action.[1] The Court found the complaint stated a cognizable claim for retaliation in violation of the First Amendment, and a cognizable state-law intentional tort claim when it made the following allegations: (1) Officer Arana removed Plaintiff from his lead yard attendant job in May 2015 and reassigned him to sweeping and mopping stairs; withheld Plaintiff's May 2015 pay; moved Plaintiff from his cell in June 2015; and continually harassed Plaintiff from late 2014 through March 2016, all in retaliation

---

[1] Plaintiff commenced this action by filing a complaint in Marin County Superior Court on April 19, 2016. Dkt. No. 1 at 1. Plaintiff served Defendants in accordance with California law on August 3, 2016, and Defendants removed this action to federal court on September 2, 2016. Dkt. No. 1.

for filing a successful grievance; (2) Sgt. Blarcom, Lt. Walls, and Capt. Evans participated in the retaliation and civil rights violations when they were informed of, but did not stop, Officer Arana's retaliation and harassment; (3) Officer Mitchell participated in the retaliation and civil rights violations when he covered up the other defendants' misconduct; and (4) all defendants engaged in retaliation and civil rights violations when they conducted a "massive" search of Plaintiff's cell in February 2016; moved him from his cell in February 2016; added false documents to his grievances; and falsified a 129B chrono. Dkt. No. 1; Dkt. No. 14 at 5–7.

On March 19, 2018, the Court granted Defendants' motion for summary judgment for failure to exhaust administrative remedies. In the order granting summary judgment, the Court identified Grievance Nos. SQ-15-1751, SQ-15-02514, and SQ-15-03254 as the grievances relevant to the issues raised in this action, and concluded that none of these grievances had been exhausted. These grievances raised the first three claims identified by the Court, but did not raise Plaintiff's claims regarding Defendants' actions in 2016. The Court concluded that Plaintiff had not exhausted his administrative remedies with respect to the first three claims because he had not appealed Grievance No. SQ-15-1751 to the third and final level of review, and because he did not exhaust Grievance Nos. SQ-15-02514 and SQ-15-03254 prior to filing suit. The Court further concluded that Plaintiff's claims regarding Defendants' actions in 2016 were unexhausted because they had not been raised in any of these three grievances. *See generally* Dkt. No. 31. The Court entered judgment in favor of defendants that same day. Dkt. No. 32.

Plaintiff appealed. Dkt. No. 33.

On February 6, 2020, the Ninth Circuit found that the California Department of Corrections' handling of Grievances Nos. SQ-15-1751, SQ-15-2514, and SQ-15-2839 effectively made administrative remedies unavailable to Plaintiff,[2] and that this Court erred in disregarding Grievance No. SQ-15-2839 as unrelated to this action. Dkt. No. 41. The Ninth Circuit reversed and remanded for further proceedings. *Id.*

Accordingly, the Court REOPENS the instant action and VACATES the March 19, 2018

---

[2] Plaintiff did not raise Grievance No. SQ-15-3254 on appeal. Mills v. Mitchell, slip op. no. 18-15531 at 3 n.1.

2

related judgment.

## II. Vacating in Part Prior Grant of Summary Judgment

As explained below, the Court VACATES in part the March 19, 2018 order granting defendants' summary judgment motion.

In accordance with the Ninth Circuit's memorandum opinion, the Court finds that Grievances Nos. SQ-15-1751, SQ-15-2514, and SQ-15-2839 effectively made administrative remedies unavailable to Plaintiff. Accordingly, Plaintiff has exhausted his administrative remedies with respect to his claims that (1) Officer Arana committed an intentional tort against him and retaliated against him in violation of the First Amendment when he removed Plaintiff from his lead yard attendant job in May 2015 and reassigned him to sweeping and mopping stairs; withheld Plaintiff's May 2015 pay; moved Plaintiff from his cell in June 2015; and, starting in late 2014, continually harassed Plaintiff in retaliation for filing a successful grievance; (2) Sgt. Blarcom, Lt. Walls, and Capt. Evans participated in the retaliation, civil rights violations, and intentional tort when they were informed of, but did not stop, Officer Arana's retaliation and harassment; and (3) Officer Mitchell participated in the retaliation, civil rights violations, and intentional tort when he covered up the other defendants' misconduct. The Court therefore VACATES the grant of summary judgment in favor of Defendants on these claims.

However, none of these three grievances exhausted Plaintiff's claims regarding Defendants' February 2016 alleged actions, i.e. his claims that Defendants retaliated against him, committed civil rights violations, and committed an intentional tort when they conducted a "massive" search of Plaintiff's cell on February 3, 2016; moved him from his cell on February 4, 2016; and added a falsified 129B chrono to his grievances on January 25, 2016.

Grievance No. SQ-15-1751, submitted on June 11, 2015, alleged that Officer Arana had harassed Plaintiff by *inter alia* illegally removing him from his job in or around June 2015; withholding his May 2015 pay; and moving him to a new cell in June 2015. The last action taken with respect to Grievance No. SQ-15-1751 by prison officials occurred on September 19, 2016. Dkt. No. 24-1 at 33-49.

Grievance No. SQ-15-2514, submitted on August 26, 2015, alleged that Officer Arana had

harassed Plaintiff since May 2, 2015 in the following ways: treated Plaintiff with disrespect and contempt in the presence of other inmates; instructed Plaintiff to clean areas that were the responsibility of other porters; and tried to get Plaintiff to quit his job or accept another job assignment. Dkt. No. 24-1 at 57–60. The grievance also alleged that Plaintiff reported these acts of retaliation to Lt. Walls and Officer Arana in August 2015; and that Officer Arana and Lt. Walls retaliated against Plaintiff for filing grievances by urging Plaintiff to consider going to third watch or accepting a different job. The last action taken with respect to Grievance No. SQ-15-2514 by prison officials occurred on June 22, 2016. Dkt. No. 24-1 at 55-62.

Grievance No. SQ-15-2839, submitted on June 11, 2015, alleged that prison officials had failed to provide him with copies of his timekeeping / pay sheets, despite repeated requests. Grievance No. SQ-15-2839 also stated that Plaintiff had informed officer Arana that officer Arana had, as part of a pattern of retaliation, harassment, and oppression, illegally reassigned him to another job on August 27, 2015. Grievance No. SQ-15-2839 requested that Plaintiff be provided with a copy of his timekeeping sheets and of his job change slip; that an audit be conducted of the inmate timekeeping sheets; that Plaintiff be reinstated in his job; and that Plaintiff receive a raise and back pay for May 2015. Dkt. No. 24-1 at 46-49. The last action taken with respect to Grievance No. SQ-15-2839 by prison officials occurred on April 5, 2016. Dkt. No. 24-1 at 44-45.

The February 2016 incidents happened after Grievances Nos. SQ-15-1751, SQ-15-2514, and SQ-15-2839 were submitted to prison officials. None of these grievances raise claims regarding events in 2016. *See generally* Dkt. No. 24-1 at 33-62. Plaintiff's appeals challenging the first level and second level decisions also do not mention events in 2016. *See id.*

Accordingly, the Court does not vacate its grant of summary judgment for failure to exhaust administrative remedies in favor of Defendants with respect to Plaintiff's claims that Defendants engaged in retaliation and civil rights violations when they conducted a "massive" search of Plaintiff's cell on February 3, 2016; moved Plaintiff from his cell on February 4, 2016; and added a falsified 129B chrono to his grievances on January 25, 2016. Nor does the Court vacate the related dismissal without prejudice of these claims. Plaintiff may re-file these claims in a new action after he has exhausted his administrative remedies for these claims.

4

### III. Referral to Settlement Proceedings

The following claims remain in this action. Defendants Arana, Blarcom, Walls, Evans, and Mitchell violated the First Amendment and committed an intentional tort against Plaintiff when they took the following actions: (1) when Officer Arana removed Plaintiff from his lead yard attendant job in May 2015 and reassigned him to sweeping and mopping stairs; withheld Plaintiff's May 2015 pay; moved Plaintiff from his cell in June 2015; and continually harassed Plaintiff from late 2014 through March 2016 in retaliation for filing a successful grievance; (2) when Sgt. Blarcom, Lt. Walls, and Capt. Evans were informed of, but did not stop, Officer Arana's retaliation and harassment; and (3) when Officer Mitchell covered up the other defendants' misconduct.

The case is hereby REFERRED to Magistrate Judge Robert Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon. The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a copy of the Court file can be retrieved from the Court's electronic filing database.

### CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court REOPENS the instant action and VACATES the March 19, 2018 judgment.

2. The Court VACATES in part the March 19, 2018 order granting Defendants' summary judgment motion.

3. The Court REFERS this case to Magistrate Judge Robert Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a

copy of the Court file can be retrieved from the Court's electronic filing database.

4. In view of the referral, further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case is not settled, the Court will enter a new scheduling order for further proceedings.

**IT IS SO ORDERED.**

Dated: 1/19/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge