UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MILLS,<br>        Plaintiff,<br>v.<br>K. MITCHELL, et al.,<br>        Defendants. | Case No. 16-cv-05095-HSG<br><br>**ORDER *SUA SPONTE* GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS MITCHELL, EVANS, VAN BLARCOM, AND WALLS; TERMINATING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. No. 57 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against San Quentin State Prison ("SQSP") officers K. Mitchell, E. Evans, J. Van Blarcom, B. Walls, and S. Arana, alleging First Amendment retaliation. For the reasons set forth below, the Court *sua sponte* GRANTS summary judgment in favor of defendants Mitchell, Van Blarcom, Walls, and Evans; and TERMINATES as moot the motion to dismiss filed by defendants Mitchell, Van Blarcom, Walls, and Evans, Dkt. No. 57.

**I.    Procedural Background and Order to Show Cause**

Defendant Arana filed a motion for summary judgment, arguing that he did not retaliate against Plaintiff or, in the alternative, was entitled to qualified immunity. Dkt. No. 63. Defendants Mitchell, Evans, Van Blarcom, and Walls filed a motion to dismiss for failure to state a claim upon which relief could be granted. Dkt. No. 57. On June 21, 2022, the Court granted summary judgment in favor of defendant Arana, finding that Plaintiff had not demonstrated a triable issue of material fact as to whether the alleged actions were taken by defendant Arana or were retaliatory. Dkt. No. 70. With respect to the motion to dismiss, the Court stated as follows:

        Defendants Mitchell, Evans, Van Blarcom and Walls have filed a motion to dismiss

1
2
3
4
5
6
7
8
9
10

> for failure to state a claim, Dkt. No. 57; Plaintiff has filed an opposition, Dkt. No. 59; and Defendants have filed a reply, Dkt. No. 60. The claims against defendants Mitchell, Van Blarcom, Walls, and Evans arise out of defendant Arana's alleged retaliatory actions. The complaint alleges that these defendants knowingly participated in, covered up, or allowed defendant Arana to take retaliatory actions against Plaintiff.
> As discussed above, the Court has found that there is no triable issue of fact as to the alleged wrongful conduct by defendant Arana, and has granted summary judgment in his favor because his conduct did not violate the Constitution. It appears to the Court that, even if adequately pled, allegations that defendants Mitchell, Evans, Van Blarcom, and Walls participated in defendant Arana's actions would thus, as a matter of law, fail as well, warranting summary judgment in their favor.
> The Court accordingly provides notice of its intention to *sua sponte* grant summary judgment in favor of defendants Mitchell, Evans, Van Blarcom, and Walls based on the grant of summary judgment in favor of defendant Arana. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 ("*Sua sponte* grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue.") (internal quotation marks and citation omitted). Within twenty-eight (28) of the date of this order, Plaintiff shall show cause why the Court should not *sua sponte* enter summary judgment in favor of defendants Mitchell, Evans, Van Blarcom, and Walls.

11  ECF No. 70 at 17-18.

12  The deadline to respond to the Order to Show Cause has passed, and Plaintiff has not filed

13  a response or otherwise communicated with the Court.

14  **II.      *Sua Sponte* Grant of Summary Judgment**

15  Fed. R. Civ. P. 56(f) provides that a court may grant summary judgment *sua sponte* for a

16  nonmovant or consider summary judgment on its own after identifying for the parties material

17  facts that may not be genuinely in dispute, but that a *sua sponte* grant is appropriate only if the

18  losing party has been given notice and a reasonable time to respond. Fed. R. Civ. P. 56(f); *see*

19  *also Greene v. Solano Cty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) ("*Sua sponte* grants of

20  summary judgment are only appropriate if the losing party has 'reasonable notice that the

21  sufficiency of his or her claim will be in issue.'") (quoting *Buckingham v. United States*, 998 F.2d

22  735, 742 (9th Cir. 1993)). Here, the Court's June 21, 2022 found that, viewing the record in the

23  light most favorable to Plaintiff, there are no genuine issues of material fact as to whether

24  defendant Arana retaliated against Plaintiff. Dkt. No. 70. The claims against defendants Mitchell,

25  Van Blarcom, Walls, and Evans are that these defendants knowingly participated in, covered up,

26  or allowed defendant Arana's retaliatory actions. Because there is no genuine issue of fact as to

27  whether defendant Arana retaliated against Plaintiff, there is also no genuine issue of material fact

28  as to whether defendants Mitchell, Van Blarcom, Walls, and Evans engaged in First Amendment

United States District Court
Northern District of California

retaliation. The Court's June 21, 2022 Order gave Plaintiff notice that the sufficiency of his claims against defendants Mitchell, Van Blarcom, Walls, and Evans was at issue, and gave Plaintiff a reasonable amount of time to respond to the Court's notice. *See* Dkt. No. 70 at 17-18. Plaintiff has not responded. Accordingly, the Court *sua sponte* GRANTS summary judgment in favor of defendants Mitchell, Van Blarcom, Walls, and Evans. In light of the grant of summary judgment, the Court TERMINATES as moot the motion to dismiss filed by defendants Mitchell, Van Blarcom, Walls, and Evans. Dkt. No. 57.

## CONCLUSION

For the reasons set forth above, the Court *sua sponte* GRANTS summary judgment in favor of defendants Mitchell, Van Blarcom, Walls, and Evans; and TERMINATES as moot the motion to dismiss filed by defendants Mitchell, Van Blarcom, Walls, and Evans, Dkt. No. 57. The Clerk of the Court is directed to enter judgment in favor of defendants Mitchell, Van Blarcom, Walls, and Evans; terminate all pending motions as moot; and close the case.

This order terminates Dkt. No. 57.

**IT IS SO ORDERED.**

Dated: 8/9/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge